EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In Re: | |
| Reglamento para la Designación de Jueces y Juezas Presidentes, y Presidentes Alternos de Comisiones Locales de Elecciones y otros asuntos electorales | 2019 TSPR 103 <br><br> 202 DPR ____ |

Número del Caso: ER-2019-04

Fecha: 31 de mayo de 2019

Materia: Resolución del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Reglamento para la Designación de
Juezas y Jueces Presidentes, y          ER-2019-4
Presidentes Alternos de Comisiones
Locales de Elecciones, y otros
asuntos electorales

RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2019.

En *In re* Enmdas. Reglamento TA, 199 DPR 850 (2018), hicimos alusión a que la Asamblea Legislativa de Puerto Rico, a través de la promulgación de la Ley Núm. 120-2017, afirmó nuestro poder constitucional para reglamentar. Véanse: Art. V Sec. 7 de la Constitución de PR., LPRA Tomo 1; 4 Diario de Sesiones de la Convención Constituyente de Puerto Rico 2613 (Ed. 1961). De hecho, en *In re* Enmdas. Reglamento TA, supra, ejecutamos esta facultad al erigir la manera en que se seleccionan los integrantes de los Paneles del Tribunal de Apelaciones. De igual modo, anteriormente hemos reafirmado nuestra autoridad constitucional de reglamentar en *In re* Reglamento Evaluación Js. TPI, 199 DPR 904 (2018), *In re* Aprob. Regl. Subastas RJ, 197 DPR 557 (2017); *In re* Aprobación Rs. Y Com. Esp. Ind., 184 DPR 575, 582 (2012); *In re* Disposiciones Cód. Electoral, 184 DPR 369 (2012).

Por otro lado, el Art. 17 de la Ley Núm. 120, supra, enmendó el Art. 5.002 del Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4042. Este dispuso que compete a este Tribunal, según las reglas de administración que adoptemos para ello, designar los presidentes de las Comisiones Locales de Elecciones.

El legislador utilizó igual lenguaje al referirse al proceso de selección de los paneles de tres jueces del Tribunal de Primera Instancia que requieren el Art. 3.008 del Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4018, y el Art. 10.005 de la Ley para la Fiscalización del Financiamiento de Campañas Políticas en Puerto Rico, Ley Núm. 222-2011, 16 LPRA sec. 630e.

Cónsono con nuestra facultad constitucional, por la presente aprobamos el *Reglamento para la designación de Jueces o Juezas Presidentes, y Presidentes Alternos de Comisiones Locales de Elecciones, y otros asuntos electorales*. Mediante éste, por estimar que propende a la transparencia y la objetividad que el asunto amerita, instauramos el método de selección aleatoria simple con reposición. **Cabe resaltar que este método es el mismo que este Tribunal aprobó y utilizó en las elecciones generales de 2012.** Véase, *In re* Disposiciones Cód. Electoral, supra. El Reglamento se acompaña y su contenido se hace formar parte de esta Resolución. Entrará en vigor en noventa días.

Notifíquese al Director Administrativo de los Tribunales, al Presidente de la Comisión Estatal de Elecciones y al Contralor Electoral de Puerto Rico.

Publíquese.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disintió por los fundamentos que expresó en In re: Disposiciones del Código electoral de Puerto Rico para el Siglo XXI 184 DPR 369, 374 (2012).

El Juez Asociado señor Colón Pérez disiente y hace constar la siguiente expresión:

> El Juez Asociado señor Colón Pérez disiente del curso de acción seguido por una mayoría de este Tribunal en el asunto de referencia. Ello, por considerar que -- de conformidad con lo dispuesto en el Art. V, Sec. 7, de la Constitución del Estado Libre Asociado de Puerto Rico -- la facultad de designar a aquellos jueces y juezas que se desempeñarán como Presidentes y Presidentas Alternos de las Comisiones Locales de Elecciones es una **tarea inherentemente administrativa** que históricamente le ha correspondido al Juez Presidente o Jueza Presidenta de esta Curia, en este caso la Hon. Maite D. Oronoz Rodríguez, quien como tal debe ser la llamada a realizar los referidos nombramientos.

La Jueza Presidenta Oronoz Rodríguez no intervino.


                    José Ignacio Campos Pérez
                 Secretario del Tribunal Supremo

**REGLAMENTO PARA LA DESIGNACIÓN DE JUEZAS Y JUECES
PRESIDENTES, Y PRESIDENTES ALTERNOS
DE COMISIONES LOCALES DE ELECCIONES,
Y OTROS ASUNTOS ELECTORALES**

**Regla 1 – DECLARACIÓN DE PROPÓSITO**

Este Reglamento tiene el propósito de regir la selección de las juezas y jueces que fungirán como Presidentes o Presidentes Alternos de las Comisiones Locales de Elecciones, y otros asuntos electorales, de forma que se establezca un proceso uniforme y transparente.

**Regla 2 – APLICABILIDAD**

Las disposiciones de este Reglamento aplicarán para la selección de las juezas y jueces que cumplan con los requisitos establecidos para su nombramiento como Presidente o Presidente Alterno de las Comisiones Locales establecidas por la Comisión Estatal de Elecciones, como se dispone en el Art. 5.002 de la Ley Núm. 78-2011, según enmendada, conocida como el Código Electoral de Puerto Rico del Siglo XXI, 16 LPRA sec. 4042. También aplicará a la selección de los paneles de tres juezas o jueces del Tribunal de Primera Instancia que requiere el Art. 3.008 del Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4018, y a la designación de juezas o jueces que se contempla en el Art. 10.005 de la Ley Núm. 222-2011, según enmendada, conocida como la Ley para la Fiscalización del Financiamiento de Campañas Políticas en Puerto Rico, 16 LPRA sec. 1030e y en el Art. 4.005 del Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4035.

**Regla 3 – DEFINICIONES**

Se incorporan a este Reglamento las definiciones aplicables contenidas en el Art. 2.003 de la Ley Núm. 78-2011, según enmendada, conocida como el Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4003.

**Regla 4 – MÉTODO DE SELECCIÓN**

Se utilizará para la selección el método aleatorio conocido como *método de selección aleatoria simple con reposición (SASR).* Dicho método es seguro, confiable y ofrece resultados precisos, ya que cumple con los dos objetivos fundamentales de la aleatoriedad:

a) Llevar a cabo una selección sin que exista ningún sesgo previo.

b) Cuando se realicen múltiples selecciones consecutivas, los elementos que componen el conjunto de donde se hace la selección tendrán igual probabilidad de ser seleccionados.

La función aleatoria estará integrada dentro de una aplicación que debe diseñarse para atender los escenarios que dispone el Código Electoral de Puerto Rico para el Siglo XXI.

El método de selección aleatorio se llevará a cabo de la siguiente manera:

a) Se deberá seleccionar el escenario para el cual se desea hacer la selección, a saber:

(1) Art. 3.008 del Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4018;

(2) Art. 4.005 del Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4035;

(3) Art. 5.002 del Código Electoral de Puerto Rico para el Siglo XXI, 16 LPRA sec. 4042;

(4) Art. 10.005 de la Ley para la Fiscalización del Financiamiento de Campañas Políticas en Puerto Rico, 16 LPRA sec. 1030e.

b) Identificar las condiciones y circunstancias que aplican en el escenario en particular.

c) Determinar cuántos jueces o juezas es necesario seleccionar.

d) Tomando en cuenta dichas condiciones y circunstancias, generar el conjunto de jueces y juezas hábiles para ocupar las posiciones requeridas.

e) Invocar el procedimiento SASR consecutivamente cuantas veces sea necesario. Se ignorarán las selecciones que se repitan, sin que ello impida que una jueza o un juez pueda ser seleccionado en más de un escenario, para ejercer las funciones que se contemplan en los Artículos 3.008, 4.005 y 5.002 del Código Electoral de Puerto Rico para el Siglo XXI, supra, o el Art. 10.005 de la Ley para la Fiscalización del Financiamiento de Campañas Políticas en Puerto Rico, supra, y repitiendo el procedimiento hasta que se completen todas las selecciones necesarias.

Este procedimiento se debe repetir hasta que se completen todas las selecciones necesarias para cubrir las vacantes que puedan surgir para cumplir con lo dispuesto en los Artículos 3.008, 4.005 y 5.002 del Código Electoral de Puerto Rico para el Siglo XXI, supra, y el Art. 10.005 de la Ley para la Fiscalización del Financiamiento de Campañas Políticas en Puerto Rico, supra.

Inicialmente deberá utilizarse un modelo de "aleatoriedad absoluta"; es decir, que todas las posiciones relacionadas con la asignación de jueces y juezas a los escenarios identificados en el inciso (a) de esta regla se considerarán vacantes y se reasignarán utilizando el método aquí dispuesto, de manera que todas las posiciones quedarán con asignaciones seleccionadas aleatoriamente. En lo sucesivo, se utilizará un modelo de "aleatoriedad por demanda",

seleccionando periódicamente, mediante el método aquí dispuesto, los jueces y juezas para las vacantes que surjan.

Realizadas las referidas selecciones, un notario o una notaria levantará un acta, la cual el Director o Directora de la Oficina de Administración de los Tribunales notificará, en un término de veinticuatro (24) horas, al Secretario o Secretaria del Tribunal Supremo, al Presidente o Presidenta de la Comisión Estatal de Elecciones, así como a los Comisionados y Comisionadas Electorales.

El Director o Directora de la Oficina de Administración de los Tribunales notificará, con no menos de cuarenta y ocho (48) horas antes de cada procedimiento, al Presidente o Presidenta de la Comisión Estatal de Elecciones y a los Comisionados y Comisionadas Electorales, a fin de que puedan designar observadores durante cada proceso de selección.

Además, el Director o Directora de la Oficina de Administración de los Tribunales deberá tomar las medidas correspondientes para que se haga una grabación visual de los procedimientos aquí señalados, que estará disponible para las personas interesadas.

## Regla 5 – PRINCIPIOS DE APLICACIÓN

Para garantizar la suficiencia y la eficiencia en las asignaciones, deberán aplicarse los siguientes principios:

a) Se asignarán Juezas y Jueces Municipales primero, luego Juezas y Jueces Superiores de la propia Región Judicial.

b) En regiones judiciales con más precintos que juezas o jueces, se considerarán juezas y jueces de otras regiones circundantes.

c) Las Juezas y Jueces Administradores y Subadministradores de los Centros Judiciales no se considerarán para las asignaciones.

**Regla 6 – EXCLUSIÓN O REASIGNACIÓN DE LA JUEZA O JUEZ SELECCIONADO COMO PRESIDENTE O PRESIDENTE ALTERNO DE UNA COMISIÓN LOCAL DE ELECCIONES**

*A. Cuándo ocurrirá la exclusión*

Una jueza o un juez podrá ser excluido de actuar como Presidente o Presidente Alterno de una Comisión Local de Elecciones o como miembro de un panel, cuando cualquiera de las circunstancias siguientes le impidan o dificulten desempeñarse como tal:

1. por padecer de algún tipo de enfermedad severa o incapacitante, certificada por un médico.

2. maternidad, certificada por un médico.

*B. Cuándo ocurrirá la reasignación*

Una jueza o un juez será reasignado para actuar como Presidente o Presidente Alterno de una Comisión Local de Elecciones distinta a la que le correspondió por sorteo, únicamente en las situaciones que se enumeran en esta Regla. La reasignación se hará dentro de la misma Región Judicial a la que pertenece o en una Región Judicial adyacente.

1. por tener prejuicio o parcialidad hacia cualquiera de los Comisionados o Comisionadas Locales, funcionarios de la Comisión, o personas que intervengan o participen en el proceso electoral dentro de la Comisión Local de Elecciones en la cual le correspondió ser Presidente o Presidente Alterno;

2. por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con los Comisionados o Comisionadas Locales, o con cualquier otro funcionario de la Comisión Local de Elecciones en la cual le correspondió ser Presidente o Presidente Alterno;

3. por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de los Comisionados o Comisionadas Locales, funcionarios o funcionarias de la Comisión, o personas que intervengan o participen en el proceso electoral dentro de la Comisión Local de Elecciones en la cual le correspondió ser Presidente o Presidente Alterno, que afecte la pureza de la cual debe estar revestido todo proceso electoral;

4. por existir alguna relación de negocio con los Comisionados o las Comisionadas Locales, o con cualquier otro funcionario de la Comisión Local de Elecciones en la cual le correspondió ser Presidente o Presidente Alterno;

5. por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad o que tienda a minar la confianza pública en los procesos electorales.

*C. Proceso para solicitar la exclusión o reasignación*

Cualquier jueza o juez interesado en ser excluido o reasignado de actuar como Presidente o Presidente Alterno de una Comisión Local de Elecciones, o como miembro de un panel, deberá presentar por escrito una solicitud a esos fines ante la Directora o el Director Administrativo de los Tribunales, quien vendrá en la obligación de considerarla a la luz de los parámetros antes expuestos. El Director o Directora de la Oficina de Administración de los Tribunales deberá informar su decisión al juez o jueza solicitante, en un término no mayor de dos (2) días laborables a partir de la presentación de la solicitud.

Este proceso no contempla la recusación inmediata o por iniciativa propia del juez o jueza. Sin embargo, dispone las razones por las cuales, mediante comunicación escrita, el juez o jueza presentará y fundamentará su petición de exclusión o reasignación.

**Regla 7**

Este Reglamento entrará en vigor noventa (90) días después de su aprobación.